**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

COLBY PARRY,
Plaintiff,
v.
EXPERIAN INFORMATION SOLUTIONS, INC. et al.,
Defendants.

Case No.: 26-cv-01048-DMS-MMP

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

On February 19, 2026, Plaintiff Colby Parry, proceeding *pro se*, filed this action against Defendants Experian Information Solutions, Inc. and Trans Union LLC, alleging violations of the Fair Credit Reporting Act. (ECF No. 1 at 1); 15 U.S.C. §§ 1681–1681x. Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis*, which is currently pending before the Court. (Mot., ECF No. 2). For the following reasons, the Court denies Plaintiff's Motion and dismisses the action without prejudice.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's *IFP* Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (Mot. 1). Plaintiff reports that he receives $6,218 per month from disability and the VA GI Bill. (*Id.* at 2).[2] Plaintiff states that he has $3,000 in a checking account, but no other assets. (*Id.* at 2–3). Plaintiff itemizes monthly expenses totaling $4,070, but does not report any other debts or installment payments. (*Id.* at 4–5). Plaintiff states that monthly living expenses substantially limit available funds and payment of the filing fee "would impair Plaintiff's ability to meet basic living expenses." (*Id.* at 5). However, Plaintiff's own figures demonstrate that his monthly income exceeds his monthly expenses by more than $2,100, which is over five times the $405 filing fee. On this record, Plaintiff has not alleged poverty with the requisite "particularity, definiteness and certainty" to show he "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Accordingly, Plaintiff's Motion is denied.

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, this action is **DISMISSED** without prejudice. Within thirty days

---

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

[2] Plaintiff alleges that he expects $7,859 in income for the next month.

of the issuance of this Order, Plaintiff may file a renewed motion with additional information about his economic status or pay the $405 filing fee. If Plaintiff does neither, the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: August 21, 2026

Hon. Dana M. Sabraw
United States District Judge